All right. Welcome back. We're back. Feels great. Selfishly, I'm pretty pumped about it. I hope you guys are excited to be back in person. This is, so far as I know, we had an in-bank hearing last week or the week before. That was the first time we had been sort of physically back together for a while. So far as I know, this is the first three-judge panel we've done in person in 15 months. So we're really excited about it. This is how it should be. I think it's better for you. It's better for us. So we're thrilled to have you back in front of us in person. I'm Judge Newsom. I have Judge Branch and Judge Lagoa with me. We are prepared for your cases. We've read the briefs, the underlying cases, statutes, record materials. So please, in your presentation, just cut right to the heart of the matter. You've got limited time, so just get after it. We've got a traffic light system that I think you're probably familiar with. When you see the yellow, just know that you're should, you know, sort of be on alert about your time winding down. When the light turns red, just begin to sum it up. We're not going to cut you off mid-syllable, but just begin to wind it up. And if we carry you beyond your time with questions, then don't sweat it. You're on, as Judge Jordan likes to say, you're on our time, not yours. With that, we'll call the first case. This is United States v. Pate, 20-10545. We have Mr. Maines here for the appellant, Mr. Stuchel here for the appellee. Mr. Maines, when you're ready, you may proceed. Thank you for inviting me here today. This is a real treat in my legal career. I am expecting the birth of my first child next week. I am super excited to be in front of your honors presenting oral arguments on behalf of a man that, as an individual, does not deserve competent representation in the way he carries himself, except that the system guarantees it to him. I think that the core of entertaining oral arguments is proof of our criminal justice system being extremely fair to all individuals that appear before it. Because the victims in this case, as you are aware, are judicial officers. Susan Barrett, the bankruptcy judge. And that's enough about the niceties and who I am. And I just want you to know it is a very special treat for me to be here in front of you. To cut right through it, the government's expansion of 1521 false lien statute to former officials cuts against the plain language of the statute. Section 1114 specifically does not state anything regarding former employees or officials. The pertinent cases, I think, as your honors are aware, Raymer, Martin, Wolf, can all be easily distinguished between this particular case. Commissioner Considine, at the time of his... Counsel, I think we're well aware of what the facts are. Let me ask you a particular question since your time is limited. With regards to the prepositional phrase, on account of the performance of official duties by that official, why should we not treat that as indicating that when you look at the word, on account of, that prepositional phrase means in consideration of or because. So because of the performance of official duties by that individual, do you concede that your client filed the liens in this case as a result of the performance of the official's duties? I think I have to. Correct. And in fact, that was part of the jury instruction that was given to the jury. Yes. Do you believe that the on account of or what the official does, whether they're an employee or not, is that a jurisdictional element that the statute has for purposes of federal standing? I think it would have to be because it has to have some connection. Well, no, it wouldn't because the officials are judicial officers. So that would create federal jurisdiction to file false liens. Well, why should we not treat this as indicating that what it really deals with is whether or not an individual, if they're a federal employee or official, if you are filing a false lien against them and you're doing it on account of the performance of their official duties, is that not sufficient? Is that not what the statute requires? It is what the statute requires, but I think theoretically you could remove that element and still have federal jurisdiction over the offense. If you file a false lien against a judicial officer, I think Congress could create that statute. It doesn't necessarily confer jurisdiction. Can I ask you a quick question? I just want to make sure I've got my head sort of around this case. So you said at the outset these are judicial officers. Yes. Are or were? Well, I misspoke. The particular defendants, I'm sorry, the victims that are relevant to this appeal are actually executive officers. They were appointees of the President. It seems to me key to your argument is were, not are. Correct, were. Even at the time of the filing of the liens, were. Were. Yes. Former officials. And so with respect to Judge Lagoa's question, as I read the statute it says, whoever files a false lien against a real personal property of an individual described in 1114 on account of the performance of official duties, so is the bit that you're traveling under an individual described in 1114, and then you say go to look at that, and it says employer officer. That's correct. That's the first element. Just an elemental approach. Step one, my criminal lawyer in South Carolina, I like to just break things down. He was a tax lawyer by training. You just break down the elements. And so step one, is this a government official or judicial officer? But doesn't section 1114 also say any employee, any officer or employee of the United States, while such officer or employee is engaged in or on account of the performance of official duties? So if you look at that particular phrase, prepositional phrase, on account of the performance of official duties, on account of is defined as for the sake of, by reason of, or because of. So if you look at it and you say while such officer or employee is engaged in or because of the performance of official duties. Your Honor, that would just be element two. Did the defendant, step one, is it a government official? Step two, is that conduct based on that officer's role or action? Right, but then that leads me back to the jury instructions, which was not objected to by defense counsel, because that's, you're arguing here, sufficiency of the evidence as well, right? And the jury instruction specifically was that the jury had to find that this was on account of, that they were targeted on account of their performance of their official duties. Yes. And the jury found and answered that question, yes. Yes. However, I think procedurally, I moved for a directed verdict prior to jury instructions and the jury making any kind of decisions. So procedurally, that may be in the jury instructions, but . . . Right, but there was a specific objections. The district court judge asked you, did you have, and he went through each single page and said, do you have any objections on this page? Do you have any objections on this page? And there were no objections with regard to that jury instruction. The only objection was as to good faith exception. Yes, but again, I think that's precluded by my earlier motion for judgment of acquittal in favor of Mr. Tate on that issue. So regardless of whatever the jury instructions may be, it's all precluded by my earlier motion to make a judicial finding of not guilty because the government had not proven that these were government officials or employees at the time the liens were filed under 1521. Can I ask you just a question? So I think I understand your position to be, look, the plain meaning of officer or employee sort of denotes current officer or employee. Can I ask you about a case that I think neither side cited? So I'll kind of walk you through, but there's this case the Supreme Court decided called Robinson v. Shell Oil. Are you familiar with this one? It's a Title VII case, and there's a provision in Title VII, 704A, that says basically it shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment. And so the Supreme Court in Robinson had the question before it, what about former employees? What about people who have been fired? And the Supreme Court said, well, in that circumstance, employees must also include former employees or else Title VII is incoherent because Title VII gives remedies for people who have been discharged. So if employees in Title VII includes former employees, why not here? I mean, besides the trite rule of lenity, this is in the context of defining criminal conduct. And so the application of our statute should be more narrow for Mr. Payton, undeserving as he may be. The problem here is that Congress later, I think in 2006, and I forgot to put it in my table of authorities, was Section 111, defining threats or I guess I should say actions against government officials specifically included the term former government officials and employees. And that cross-referenced, again, Section 1114. So here we have a statute that was adopted well after the false 1521 and 1114 that specifically added former officials and employees of government. And that was 18 United States Code Section 111, and that was Paragraph A2 where Congress added that provision. So the inclusion of that former employee designation under 111 seems to suggest that the term employee or official does not include former official employees. Counsel, can you point to any case where a federal court has interpreted a statute prohibiting actions taken against a person described in Section 1114 and concluded that it did not include former government officials? No, I have not found such a case. That would make it very easy. I really wish. And again, I apologize to the court. This is not what I do for a living. I was CJA appointed to Mr. Payton. I think he doesn't talk to me. This involves judicial officers that I sometimes appear in front of as well. So I apologize if that case exists. I'm not familiar with it, but I did my best to find it. We haven't been able to either. Okay, good. So I see you're over your time. You want to reserve the remainder of your time for rebuttal? It goes fast. Yeah, I'm shocked. Time flies when you're having fun. Okay, good. All right, Mr. Stuchel, am I pronouncing that correctly? Good morning, Your Honors. May it please the Court. James Stuchel on behalf of the United States. The issue in this case is whether our convictions of Mr. Payton for filing false retaliatory liens against two high-ranking government officials are valid under Section 1521. Every circuit court to address a similar issue in a slightly different context has held that all these criminal statutes designed to protect federal employees against criminal acts likewise cover former as well as current employees. How do you deal with the argument that opposing counsel just raised regarding cross-referencing a different statute that does distinguish between current and former employees? Yes. I would call that argument the argument from negative inference, that is, that Congress chose to use to explicitly cover former employees in two subsections of two different statutes implies that they did not mean to cover former employees under Section 1141. That argument fails for four reasons. First of all, the Fifth Circuit considered and rejected that exact same argument in Raymer in 1989. There the defendant argued that a subsequently amended version of Section 115 showed that the pre-amended version did not cover former employees. The Fifth Circuit rejected that. They rejected that on the plain text of the statute, namely the limitation that employees are covered not only while performing their duties but also on account of, as Your Honor pointed out. So I don't really understand that because all that says is you're sort of like jumping over the hard part. You're saying that an officer or employee, true, 1114 says an officer or employee is protected while performing official duties or even if not performing official duties if he or she is targeted on account of the performance of those official duties. But we've still got to answer the antecedent question. Is this person an officer or employee? Oh, yes. I believe Mr. Pate's conceded he is an officer or employee. I don't think he's conceded that at all. I think incredibly, you know, even when he was sort of on his own, he managed to make the right argument. He said these people were not officers or employees at the time I filed the liens. Okay, that's the question then. The issue is whether they're officer or employees. It's at what point do we measure whether the victim of this crime was an officer or employee. So think about it this way. Before my time as a judge, I was a lawyer at a firm called Bradley A. Rantbolt Cummings. Am I an employee of Bradley A. Rantbolt Cummings today? Well, it depends on the context, Your Honor. If I were to meet you at a cocktail party and I asked you what you did and you said you were an employee of that firm, I would think that were incorrect. But if I met you on the street and you had just been accosted by some person and you told me that he accosted you on account of your performance of your official duties, then it would be perfectly reasonable for you to say that you were a federal employee, even if you had already resigned. And the reason for that is because that's the very motivation for the crime which we're prosecuting. He committed it against you on account of the performance of your duties. So that's the distinction between these two. I guess the true question is if I'm targeted for a particular thing but it has nothing to do with my job as a federal judge, then the statute would not apply. That's correct. So if I'm targeted because I'm a parent at a particular school or they just randomly target me. That's correct. But if they target you for something that you've done as an employee or an official of the United States, then that would be the application of the statute. That's correct. Yes. If they targeted you on account of the performance of official duties. And that was the case that involved the confidential informant or the undercover, I think it was the CI? Actually, I believe you're referring to United States v. Taylor. That's the Ninth Circuit one that I cited in my 28J letter last week. I did not previously discover that nor discuss it in my brief. But all four of these cases all arrive at the same conclusion. That is, all these statutes, whether it's 1521 at issue here, 111, or 115, they all make the same cross-reference to Section 1114, and all those rulings find that it covers former as well as current employees. Just kind of walk me through 1114. I think you're right that 1114 is kind of the key provision here. So 1114 says, if I'm reading it correctly, whoever kills or attempts to kill any officer or employee of the United States, dot, dot, dot, while such officer is engaged in or on account of the performance of official duties shall be punished. So I see that we have a while clause and an on account of clause. But the antecedent question is any officer or employee of the United States. I don't really see how the while clause or the on account of clause, which run to the performance of the duties, not the person's status as an officer or employee, I don't really see how you can kind of like backfill the officer or employee status with what comes after. In Raymer, the Fifth Circuit said that you do that because on account of is a motivational factor, whereas the antecedent clause, while engaged in, that's clearly referring to the temporal limitation. Sure, but with respect to the performance of the duties, not with respect to one's status in the federal government hierarchy or whatever. Well, I think the question is at what point, as I said earlier, do you measure the victim status as a federal employee? And I guess just like why as a matter of ordinary meaning wouldn't you just measure it like you do my employment status at Bradley A-Rant, which is to say that's a was and now I'm a judge. If you look at the dictionaries, I don't want to get too carried away, but every single one of them uses words in the present tense. An employee is someone who holds an office, who serves in a position. None of them say held or served.  Based on which clause the defendant violated under the statute. If he violates the while clause, then of course the victim has to be a current employee. But if the defendant commits the crime on account of, then that's a motivational factor. Wasn't that sort of like the analysis in the Taylor case, which is that it doesn't make sense to say if you do something, in that case it was a C.I., so you provide information, so you're assisting the government in providing information and you're targeted as a result of that and you're no longer providing information, but you were targeted because of the performance of your duty as a C.I., then that's why the statute applies. That's exactly correct. I mean and also if you were a lawyer in the past and you had a claim brought against you for malpractice, you would be insured as a former employee under the insurance policy, right? Exactly. That's why I said the context requires us to measure whether the victim qualifies as an employee depending on what specific actions. Oh, I mean the particular, what the allegations are. Because again, if you're being targeted or you're being alleged to have something that's being done, but it has nothing to do with your performance of your official duty as either an official or employee, then this doesn't apply. That's correct. And in this case, it's crystal clear that Pate targeted Secretary Lew and Commissioner Koskinen on account of their performance. And that was what the jury was instructed at. It was instructed at and it's never been disputed. In fact, I cited this in the record, but the false liens he filed against them actually used their official titles. It said IRS Commissioner Koskinen or his successor. Actually, didn't he start the litigation while they were still employed by the government? He filed the false liens afterwards, but he started the litigation against them prior to their official duties ending. That is correct, Your Honor. He had a, this was a multi-year battle. I mean it all started when he filed false tax liens from 2015 to 17. Both Lew and Koskinen were in office then. And then he filed an action in the tax court for refunds in 2017. They were in office then. He filed the civil lawsuit against them in 2017. They were still in office then. And are those things, are those actions, either filing the old liens or filing the tax court actions, are those the things for which he's being prosecuted that are before us today? No, they're not. He's being prosecuted for filing the false liens after that. But I referenced that procedure to show that he was targeting them on account of their performance of official duties. He didn't. Really, I could be wrong about this, and we can ask your adversary on rebuttal. I don't even really think he disputes that. I mean I think we can dispense with the on account of thing. That's correct. And so now the question is whether this person is, not was, but is an officer or employee of the United States. At the time that they did the official duties for which Pate targeted them, they indisputably were officers. And every circuit court to address this or a similar issue has held that former employees qualify under the on account of. Can I ask you a question about Raymer? Because Raymer gets a lot of play in the briefs. In Raymer, the Fifth Circuit says, I mean it sort of backs its way into the language of the statute. It sort of begins with legislative history, but then it ultimately says, look, if an off-duty employee is an employee, then so is a retired employee. I got to tell you, that just doesn't make any sense to me. I mean like an off-duty employee is still on the payroll. A retired employee is not. It seems to me like if there's the surest kind of walking around evidence of whether somebody is an employee or you own a payroll or not. Yes, but if the purpose of the statute is to provide maximum protection for federal employees and to protect not just the employees themselves, but the performance of their crucial federal duties, then that applies equally if the defendant commits a crime even after they've resigned their position. And that was the rationale. So to the extent your Honor finds 1114 ambiguous, then one of the – Uh-oh, he's going to say rule of lenity, right? He hasn't raised rule of lenity, but to the – He said it in his opening argument. To the extent your Honor finds 1114 ambiguous, then you're allowed to go look to the purpose of the statute. And every court to address this or similar statutes, starting with the Supreme Court in FIOLA, has said that the obvious purpose is to provide maximum protection not just to federal employees, but to the federal function. And the only way to do that is to cover former as well as current employees, only when they're targeted on account of. See, I would think that if you have done all the best statutory interpretation you can and you've grinded on the language for as long as you can and you still find it ambiguous, that at that point you say rule of lenity, not purpose. No, analyzing the purpose is part of statutory interpretation. Your Honor, we start with the text. I think the text is clear. Every circuit court agrees with me. But to the extent I'm wrong, then you can consider other factors such as the underlying purpose of the statute. And all four circuit court cases that I've cited do that as well. They all say it would make no sense to protect the crucial federal duties if we didn't also cover former federal employees. I mean, why would we give a defendant incentive to file these frivolous liens to wait one day until after Commissioner Koskinen, a longtime public service, resigns and hopes to go into a healthy retirement? I hear you. I was previously addressing his argument by negative inference. I said, one, Raymer already objected to that. Two, it is a principle that when Congress includes language in one subsection of a statute but omits it from a subsection of the same statute, then we presume that that omission was intentional and the subsections are supposed to have different meanings. But that doesn't apply here because when Congress amended Section 111, 115, those are subsections of the statutes, but it didn't affect at all Section 1114, which is the crucial provision here. In fact, it's hard to see how that could even happen. Congress created 1114 in 1948. Is it even conceivable that Congress meant to disrupt the interpretation of that statute then, 40 years later, by amending one subsection of a completely different section? Can I ask you just a question about this? I mean, the force of this argument to me is sort of, I guess, at a more granular level. Like, say, if, for instance, in 111A2, Congress amends that statute to say any person who formerly served as a person designated in 1114, right? And you say that the term officer or employee of the United States in 1114 already means current or former officer of the United States, basically, right? So that means that 111A2 says any person who formerly served as a former officer of the United States, right? Just sort of, like, interlineating the... These are not perfectly drafted statutes. I don't think we determine meaning on that basis. This seems like kind of a narrow issue because 1521 is not often used, but I did the research, and the linchpin of 1521 is 1114, and there are 12 other federal criminal statutes protecting federal employees that likewise use 1114 as the hook. So there's a lot riding on this interpretation. It's not just Mr. Page, it's not just 1521, but it's protection of former federal employees under all those other statutes, some of which are as serious as involving murder, kidnapping, kidnapping of family members, even material support to terrorists. This is a wide-ranging issue. Counsel, just to piggyback on Judge Newsom's question about 111A2, that specifically says any person who formerly served, and then it refers to 1114. Certainly 111A2, because it uses formerly, would cover people who were formerly officials. Is there anything similar in 1521 that you can point to that would help us around the 1114 problem that it doesn't say current and former? Is there anything else in 1521 that you could point us to? The best thing I can point to is that 1521 does not include the language concerning while the officer employee is engaged. As I said earlier, that would require a current employee. But 1521 instead just applies when the defendant targets the victim on account of the performance of official duties. And as I've argued repeatedly, that can occur to both former and current employees. So there's language then in 1521 that would sort of broaden the coverage of 1114. Yeah, I actually think it would narrow it, because whereas 1114 applies to both those conditions, while... Broaden it in the sense of coverage that 1521 might arguably provide that protection to former employees. Yes, yes, I mean, it invokes only that phrase that I argue explicitly refers to former, encompasses former employees. Well, you're saying 1114 has both. That's correct. While is engaged implies actively. That's correct. And then the other one, the other clause, is potentially for former or current, depending on if you proceed under the... which clause you proceed under if they're current. That's correct. So the clause on which 1521 relies could include both current and former, because the defendant can target both on account of the performance of official duties. Can I ask you just kind of a technical question just to help me kind of like trace the language? So in 1521, when it says, whoever files a false lien against the real or personal property of, and here's the key language, an individual described in 1114, right? And then it goes on to say on account of. An individual described in 1114, what part of 1114 are we incorporating here? Is it just officer or employee of the United States, or is it officer or employee of the United States while engaged in or on account of? I think it's all. I think it's the latter, Your Honor. Go ahead, I'm sorry. It actually goes even further, because the last clause of 1114 includes or any person assisting such officer or employee. So there are a lot of other cases on this issue that we didn't cite in the briefs, because they weren't really helpful to current versus former. But the vast majority of them say that the incorporation of 1114 includes that whole bit. So here's my sort of like linguistic or semantic question then. So basically then what 1521 says is whoever files a false lien or encumbrance against the property of an of, sorry, an officer or employee of the United States while such officer is engaged in or on account of the performance of official duties, on account of the performance of official duties by that individual. Yes. Like you've got two on account of clauses now. That's correct. That's weird. That's correct. Like I said, there's a lot of interplay in these statutes. Congress made 1114 in 1948, and they've amended the other ones like in the 1980s. But the reference really doesn't hurt me, because what 1114 gives with both those clauses, 1521 sort of takes back and eliminates the while clause. So I think the answer to does 1521 incorporate all of 1114, my answer is yes. But it's really inconsequential, because 1521 then limits it down to employees targeted on account of. Got it. Okay, good deal. Sorry we kept you longer than we intended. Thank you. All right, Mr. Maynes, you're back up. Your Honor, I want to point out a couple things to distinguish Mr. Pate and 11th and 1521 and 115, which is the Raymer case. There the Fifth Circuit specifically cited as support for former officials under 1114 as the section A2 for 115, which includes family members of former officials. And so the Fifth Circuit said it would be ludicrous to interpret protection for families of the government officials after they've left government service under 114, but not include the former officials themselves for purposes of section 115. We don't have that in 1521. In fact, we have section 111, which was adopted by Congress subsequent, which specifically included the language in A2 of 111 for former employees or former officials as described in 1114. Can I ask you, what's your best response to Mr. Stuchel's argument that this may seem kind of like a nothing case, but not to your client, of course, but sort of systemically when he says not so, there are like 12 other statutes that sort of incorporate 1114 and aim to protect sensibly, perhaps, former officers and employees? Your Honor, that's a great question, and section 111 does an excellent job of that. Section 115, as interpreted by the Fifth Circuit, does an excellent job of protecting informants, judicial officers, former judicial officers. This can be taken to the bank by judges around the country that sit on the federal bench. However, this is a different type of offense. This is a, as the government calls it, and I think I called it, paperwork terrorism. There might be legitimate reasons why we would want to limit the application of the false lien statute to just current government officials and employees. And so help us with that. Like if we're gonna talk sort of like purpose, like what would be the good reason for that? Because it would be, a cynical person might say that the government might use an expansive definition of the term lien. You know, really when you look at his, Mr. Pate's activities in this case, the liens themselves were a joke. My first job talking about former employees was for a creditor's rights litigation firm. So we did replevance, mortgage foreclosures, things of that nature before the big bust. And one of the things that comes up a lot are the sufficiency of liens, mechanics lien, are very, you know, an excellent attorney could mess up a mechanics lien. So the government could use a very broad definition of the term lien to try to stifle speech, to try to prevent people from saying negative things about government officials in briefs. For instance, if I filed a brief with this court and I called it a lien, no matter how ludicrous it is, the government could then charge me under 1521. It isn't under 1521. The lien has to be, it's a lien or an encumbrance against real or personal property. It's not, I mean, that's a very specific document. 1521 includes that and more, is what I'm trying to get at. It doesn't just say that you have to file it in the register of liens. It can be within the context of the litigation itself, the civil action that Mr. Pate filed, where he called these instruments liens. So there's a very good reason for holding the government at bay with some of these paperwork offenses. If the court were to hold, as we're asking for it, and narrow the interpretation of 1114. I'm having a really difficult time understanding this argument because even in the jury instruction, a lien was defined as a legal right or interest that a creditor has in another property to secure payment of a debt or performance of an obligation. I mean, that's my general understanding of a lien, and that's what this statute targets, which is an encumbrance on real or personal property. Your Honor, it doesn't have to be filed in the appropriate government office to be called a lien for 1521. It's my only point. But how would this statute work to curtail government power by limiting it to current government officials because there's a worry that the government would be viewing liens in this expansive way. I mean, it would seem like then the need would be to define lien more narrowly, not limit it to current officials. I guess I'm not understanding your concern about the broad definition of lien and how that means that current officials are not covered. I guess it's difficult for me to sit there as defense counsel for state in conjecture as to reasons why Congress would not want to protect judicial officers in every context of these liens. This was just a hypothetical that I think of up out of the spot, but it should be redressed. I believe Congress should adopt a statute that includes federal judges and former judges. And then also I want to bring your attention to 1521's last sentence, which includes any person who assists government officials. And the best example is an informant. Any person is not temporal. In other words, an employee is employing when he's currently employed in that position. Any person, that doesn't expire. So in other words, especially when the government cites Taylor, you have an individual, any person that assists the government, if that person is subsequently murdered on account of his services, after, for instance, the co-defendant's trial is concluded and the bad guy goes away and a friend of the defendant's kills the informant, then Section 115 protects that person or if they file frivolous liens against that person. Then 1521 continues to protect that person because he's still a person. Gotcha. Okay, very well. Mr. Maynes, thank you very much for taking the CJA appointment. I know this has been challenging. And congratulations on the upcoming birth of your first child. Can't wait to tell her all about this. Mr. Stuchel, thank you very much. Well done on both sides. All right, so that case is submitted. We'll move to the second case.